Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District Middle District of Al |
|---|---|
| Name (under which you were convicted): Bridget Taylor | Docket or Case No.: 2:07-CV-404-MHT 2:06CR209-wkw |
| Place of Confinement: Julia Tutwiler | Prisoner No.: 224401 |
| UNITED STATES OF AMERICA | Movant (include name under which convicted) |
| v. | Bridget Yolanda Taylor |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging: _____
   Middle District of Alabama
   P.O. Box 711 Montgomery Al 36101
   (b) Criminal docket or case number (if you know): 2:06Cr209-WKW
2. (a) Date of the judgment of conviction (if you know): January 22, 2007
   (b) Date of sentencing: January 22, 2007
3. Length of sentence: 30 months
4. Nature of crime (all counts): _____
   Loan and Credit Fraud
   Bank Fraud
   _____
   _____
   _____
   _____

5. (a) What was your plea? (Check one)
   (1) Not guilty ☐      (2) Guilty ✓      (3) Nolo contendere (no contest) ☐
   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment,
   what did you plead guilty to and what did you plead not guilty to? _____
   _____
   _____
   _____

6. If you went to trial, what kind of trial did you have? (Check one) n/a    Jury ☐    Judge only ☐
7. Did you testify at a pretrial hearing, trial, or post-trial hearing? n/a    Yes ☐    No ☐

8.  Did you appeal from the judgment of conviction? n\a     Yes ☐     No ☐

9.  If you did appeal, answer the following:

   (a) Name of court: _____ n\a _____

   (b) Docket or case number (if you know): _____ n\a _____

   (c) Result: _____ n\a _____

   (d) Date of result (if you know): _____ n\a _____

   (e) Citation to the case (if you know): _____ n\a _____

   (f) Grounds raised: _____ n\a _____

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☐ No ☑

   If "Yes," answer the following:

   (1) Docket or case number (if you know): _____

   (2) Result: _____

   _____

   (3) Date of result (if you know): _____

   (4) Citation to the case (if you know): _____

   (5) Grounds raised: _____

   _____

   _____

   _____

   _____

   _____

   _____

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

   Yes ☑ No ☐

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: U.S. District Middle District of Alabama

   (2) Docket or case number (if you know): _____

   (3) Date of filing (if you know): _____

   (4) Nature of the proceeding: reconsideration

   (5) Grounds raised: within the given 30 days

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐  No ☑

(7) Result: _____ denied _____

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: _____ middle District _____

(2) Docket or case number (if you know): _____

(3) Date of filing (if you know): _____

(4) Nature of the proceeding: ____ To be transferred to BootCamp

(5) Grounds raised: ____ Alternatives sentencing _____

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

     Yes ☐  No ☑

(7) Result: _____ Denied _____

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:    Yes ☐  No ☑

(2) Second petition:  Yes ☐  No ☑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

_____

_____

_____

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:** <u>Denied my Constitutional Rights</u>

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

My Lawyer Kevin Butler did not allow my son Lawrence Taylor, Monica Banks my sister and Anthony Wilson to speak on my behalf in court on January 22, 2007. They were present in court and present during the court proceedings. Questions was asked in court that was not answered that the above people could answer and my other family did not have answers for.

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐  No ☑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐  No ☑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐  No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❑ No ☑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

**GROUND TWO:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

    Yes ❑ No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑ No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:_____

Name and location of the court where the motion or petition was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑ No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑ No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑ No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue:_____

_____

_____

_____

_____

**GROUND THREE:**_____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:_____

    Name and location of the court where the motion or petition was filed:_____

_____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

    Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:_____

_____

    Docket or case number (if you know):_____

    Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

**GROUND FOUR:** _____

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

(b)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑  No ❑

(2) If you did not raise this issue in your direct appeal, explain why: _____

_____

_____

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑  No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(3) Did you receive a hearing on your motion, petition, or application?

    Yes ❏  No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

    Yes ❏  No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

    Yes ❏  No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:_____

_____

Docket or case number (if you know):_____

Date of the court's decision:_____

Result (attach a copy of the court's opinion or order, if available):_____

_____

_____

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this

issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court?  If so, which

    ground or grounds have not been presented, and state your reasons for not presenting them: ___n/a___

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the

    judgment you are challenging? Yes ❏  No ☑

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, and the

    issues raised. _____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: ___Kevin L. Butler___
___201 Monroe St. Montgomery Al 36104 334 8342099___

(b) At arraignment and plea: ___Kevin L Butler___
___201 Monroe st, montgomery Al 36104 Suite 407___

(c) At trial: _____

_____

(d) At sentencing: ___Kevin L Butler___
___201 Monroe st Suite 407 Montgomery Al 36104___

(e) On appeal: _____

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☑ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?        Yes ☐ No ☑

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: _____

_____

(b) Give the date the other sentence was imposed: ___n|a___

(c) Give the length of the other sentence: ___n|a___

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?        Yes ☐ No ☑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

n la

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
    A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
        (1) the date on which the judgment of conviction became final;
        (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
        (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
        (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 13

Therefore, movant asks that the Court grant the following relief: I Bridget Taylor ask for relief of said sentence and placed on supervised release

or any other relief to which movant may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on May 7, 2007 (month, date, year).

Executed (signed) on 5-7-07 (date).

Bridget Taylor
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

* * * * *

Katriana Turner
Commission Exp:
12-19-2010



MIDDLE DISTRICT OF ALABAMA
OFFICE OF
CLERK, UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, AL 36101-0711
OFFICIAL BUSINESS

Bridget Taylor
224401 Dorm C
8966 U.S. Highway 231
Wetumpka AL 36092

C 224401

Ms. Debra P. Hackett, Clerk
Middle District of Alabama
P. O. Box 711
Montgomery Al. 36101

# Attachment

Memorandum 1:

Being incarcerated thirty four months have taught me habilitation in criminal thinking and behavior, fundamental changes in my thinking and able to function responsibly. I've learned not only to think before I act but also developed an awareness of what I am thinking so that I can evaluate it immediately, new corrective thinking. Incarceration brought positive motivation for me to change, I no longer indulge in blaming others or wallow in self pitty, learned to cope constructively with life when things do not go as planned. I do not wish to repeat the same consequences. Since my mental health treatment I learned to deal with my childhood experiences and now I use it as a benefit. I have learned to accept and move forward. I've come to reality and understand material objects does not show love to your children being with them is more important. I've learned how to tell my children no! without being affraid and it's all right to wait for things through my parenting class I completed while incarcerated. I am sincere and apologize to everyone involved, the victims, the financial institution, my family and the judicial system. I committed my federal crime at the same time as my state crime at the same frame of mind, I was only indicted on August 23, 2006. I thought I was going home on July 21, 2007 after

completing three years, so I began to take measurements so I will not return to criminal thoughts or activities and stay out of Prison Jails by seeking mental health treatment, self-development and improvement, made responsible use of available rehabilitative Programs and addressed identified treatment needs. I've reconciled my marriage and will be living in Tulsa Oklahoma. Tulsa is a different environment from where I got into trouble writing checks. I've gained both my husband and my familys trust back. I have a renewed mind and attitude due to my incarceration of thirty-four months. I can obtain a full-time career, my husband has been employed with the same company eleven years, I am willing to do community service and be a modeled citizen. I am praying for grace, mercy and fruitity now that I've been rehabilitated during my thirty-four month of incarceration and able to allow my children to enjoy having both Parents under one roof.

CLOSED, MHT-ClerkA

# U.S. District Court
## Alabama Middle District (Montgomery)
## CRIMINAL DOCKET FOR CASE #: 2:06-cr-00209-MHT-CSC-1
### Internal Use Only

2:07-CV-404 MHT

Case title: USA v. Taylor                    Date Filed: 08/15/2006

Assigned to: Honorable Myron H.
Thompson
Referred to: Honorable Charles S.
Coody

**Defendant**

**Bridget Y. Taylor** (1)                represented by    **Federal Defender**
*TERMINATED: 01/24/2007*                                 Federal Defenders
*also known as*                                          Middle District of Alabama
Bridget Madison (1)                                      201 Monroe Street, Suite 1960
*TERMINATED: 01/24/2007*                                 Montgomery, AL 36104
                                                         334-834-2099
                                                         Fax: 834-0353
                                                         Email: ECFCMALM@fd.org
                                                         *LEAD ATTORNEY*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

                                                         **Kevin L. Butler**
                                                         Federal Defenders
                                                         Middle District of Alabama
                                                         201 Monroe Street, Suite 407
                                                         Montgomery, AL 36104
                                                         334-834-2099
                                                         Fax: 834-0353
                                                         Email: kevin_butler@fd.org
                                                         *LEAD ATTORNEY*
                                                         *ATTORNEY TO BE NOTICED*
                                                         *Designation: Public Defender or*
                                                         *Community Defender Appointment*

**Pending Counts**                                       **Disposition**

18:1344A.F-BANK FRAUD; NMT                               30 Mos Imp (conc w/Ct2 and with
$1,000,000 [*]; NMT 30Y, B, NMT 5Y                       Montg. Co. CC Nos.
SUP REL; G-LINES; VWPA; $100 AF                          CC98-94,CC98-581, CC98-1572,

Case 2:07-cv-00404-MHT-CSC    Document 1-3    Filed 05/09/2007    Page 2 of 6

(1)

CC00-04, 05, 06, 07 & 08, CC01-704,
CC01-703, CC01-503, CC02-1299 and
CC04-1029); 5 Yrs Sup Rel (conc w/Ct
2); $100 SA; $9,042.32 Rest. (total)

18:1014.F-LOAN AND CREDIT
APPLICATIONS GENERALLY; NMT
$1,000,000 [*]; NMT 30Y, B, NMT 5Y
SUP REL; G-LINES; VWPA; $100 AF
(2)

30 Mos Imp (conc w/Ct1 and with
Montg. Co. CC Nos.
CC98-94,CC98-581, CC98-1572,
CC00-04, 05, 06, 07 & 08, CC01-704,
CC01-703, CC01-503, CC02-1299 and
CC04-1029); 5 Yrs Sup Rel (conc w/Ct
1); $100 SA; $9,042.32 Rest. (total)

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
| --- | --- |
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

---

**Plaintiff**

**USA**                    represented by **Verne H. Speirs**
U.S. Attorney's Office
PO Box 197
Montgomery, AL 36101-0197
334-223-7280
Fax: 223-7560
Email: verne.speirs@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
| --- | --- | --- |
| 08/16/2006 | ⊕1 | INDICTMENT as to Bridget Y. Taylor (1) count(s) 1, 2. (war, ) (Entered: 08/16/2006) |
| 08/21/2006 | ⊕ | Case unsealed as to Bridget Y. Taylor pursuant to notice from USMS that a detainer has been placed with AL DOC - Tutwiler (ajr) (Entered: 08/21/2006) |

| 08/30/2006 | 4 | Defendant's NOTICE of speedy trial request as to Bridget Y. Taylor (ajr) (Entered: 08/30/2006) |
| 09/01/2006 | 5 | Defendant's SECOND Pro Se NOTICE of Request for Speedy Trial by Bridget Y. Taylor (snc) (Entered: 09/01/2006) |
| 09/05/2006 | 6 | MOTION for Appointment of Counsel and THIRD pro se NOTICE of Request for Speedy Trial by Bridget Y. Taylor(ajr) (Entered: 09/05/2006) |
| 09/06/2006 | 7 | Defendant's FOURTH Pro Se NOTICE of Request for Speedy Trial by Bridget Y. Taylor(ajr) (Entered: 09/06/2006) |
| 09/06/2006 | 8 | MOTION for Writ of Habeas Corpus ad prosequendum by USA as to Bridget Y. Taylor. (Attachments: # 1 Text of Proposed Order)(Speirs, Verne) (Entered: 09/06/2006) |
| 09/07/2006 | 9 | ORDER granting 8 Motion for Writ of Habeas Corpus ad prosequendum as to Bridget Y. Taylor (1), directing the clerk to issue a WHCAP addressed to the Warden, Tutwiler Prison for Women for defendant's appearance on 9/27/06 at 10:00 a.m. and directing the USMS to return the prisoner to said official when the court has finished with her; Signed by Judge Charles S. Coody on 9/7/06. (ajr) (Entered: 09/07/2006) |
| 09/07/2006 | 10 | Writ of Habeas Corpus ad Prosequendum Issued as to Bridget Y. Taylor for Arraignment set on 9/27/2006 10:00 AM in Courtroom 5A before Honorable Vanzetta P. McPherson. (ajr) (Entered: 09/07/2006) |
| 09/07/2006 | | ***Location start as to Bridget Y. Taylor (ajr, ) (Entered: 09/07/2006) |
| 09/14/2006 | 11 | ORDER as to Bridget Y. Taylor (incorporating ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Bridget Y. Taylor. Federal Defender for Bridget Y. Taylor appointed. Appointed counsel shall file a written notice of appearance with this court. Counsel is DIRECTED to file a financial affidavit not later than ten (10) days from the date of this order. Signed by Judge Charles S. Coody on 9/14/06. (ws, ) (Entered: 09/14/2006) |
| 09/14/2006 | | ***Motions terminated as to Bridget Y. Taylor: 6 MOTION to Appoint Counsel filed by Bridget Y. Taylor,. (ws, ) (Entered: 09/18/2006) |
| 09/19/2006 | 12 | NOTICE OF ATTORNEY APPEARANCE: Kevin L. Butler appearing for Bridget Y. Taylor (Butler, Kevin) (Entered: 09/19/2006) |
| 09/25/2006 | 14 | ORDER granting [13] Motion to file financial affidavit under seal; Signed by Judge Charles S. Coody on 9/25/06. (ajr) (Entered: 09/25/2006) |
| 09/27/2006 | 15 | Minute Entry for proceedings held before Judge Vanzetta P. McPherson :Arraignment as to Bridget Y. Taylor (1) Counts 1,2 held on 9/27/2006, Initial Appearance as to Bridget Y. Taylor held on 9/27/2006, Plea entered by Bridget Y. Taylor (1) Counts 1,2 - Not Guilty on counts 1, 2. (Recording Time FTR: 11:10 - 11:16.) (war, ) (Entered: 09/27/2006) |

| 09/28/2006 | ◑16 | Arrest Warrant Returned Executed in case as to Bridget Y. Taylor. Defendant arrested on 9/22/06. (ajr) (Entered: 09/29/2006) |
|---|---|---|
| 10/03/2006 | ◑17 | ORDER ON ARRAIGNMENT as to Bridget Y. Taylor Pretrial Conference set for 10/13/2006 01:00 PM in Courtroom 4B before Honorable Charles S. Coody. Jury Trial set for 10/16/2006 before Honorable William Keith Watkins. Pretrial Motions due by 9/22/2006. Discovery due from the government by 9/27/06 and from the defendant by 10/4/2006. Signed by Judge Charles S. Coody on 10/3/06. (ajr) (Entered: 10/03/2006) |
| 10/04/2006 | ◑18 | NOTICE OF INTENT TO CHANGE PLEA by Bridget Y. Taylor (Butler, Kevin) (Entered: 10/04/2006) |
| 10/05/2006 | ◑19 | ORDER as to Bridget Y. Taylor setting Change of Plea Hearing for 10/10/2006 09:30 AM in Courtroom 4B before Honorable Charles S. Coody; directing the clerk to provide a court reporter for this proceeding; Signed by Judge Charles S. Coody on 10/5/06. (ajr) (Entered: 10/05/2006) |
| 10/10/2006 | ◑20 | Consent to Enter Guilty Plea before U. S. Magistrate Judge as to Bridget Y. Taylor (ws, ) (Entered: 10/10/2006) |
| 10/10/2006 | ◑21 | PLEA AGREEMENT as to Bridget Y. Taylor (ws, ) (Entered: 10/10/2006) |
| 10/10/2006 | ◑22 | Minute Entry for proceedings held before Judge Charles S. Coody :Change of Plea Hearing as to Bridget Y. Taylor held on 10/10/2006, Plea entered by Bridget Y. Taylor (1) Guilty to Counts 1 and 2 of the Indictment. (Court Reporter Mitchell Reisner.) (ws, ) (Entered: 10/10/2006) |
| 10/10/2006 | ◑ | ORAL ORDER Accepting Guilty Plea as to Bridget Y. Taylor and Adjudicating the defendant guilty as to Count(s) 1 and 2 of the Indictment . Signed by Judge Charles S. Coody on 10/10/06. (ws, ) (Entered: 10/10/2006) |
| 10/10/2006 | ◑ | Terminate Deadlines and Hearings as to Bridget Y. Taylor: (ws, ) (Entered: 10/12/2006) |
| 10/16/2006 | ◑23 | ORDER as to Bridget Y. Taylor: Sentencing set for 1/22/2007 09:00 AM in Courtroom 2F before Honorable William Keith Watkins. That on or before 12/27/06, counsel for parties shall communicate in writing to the Probation Officer any objections they have to the presentence report; That Unless excused in writing by the Chief U.S. Probation Officer, counsel for parties shall be available for a conference with the Probation Officer on 1/3/07 at 9:00 a.m. to discuss issues contained in the presentence report. Any motion for downward departure shall be filed on or before the conference date with the Probation Officer, unless based on unknown and unforseen circumstances arising after the date, in which case the motion must be filed promptly upon discovery of such circumstances.. Signed by Judge William Keith Watkins on 10/16/06. (ws, ) (Entered: 10/16/2006) |

| 12/27/2006 | 24 | MOTION to Continue *Sentencing (UNOPPOSED)* by Bridget Y. Taylor. (Butler, Kevin) (Entered: 12/27/2006) |
|---|---|---|
| 12/27/2006 | 25 | MOTION for Extension of Time to File *Objections to PSI Report (UNOPPOSED)* by Bridget Y. Taylor. (Butler, Kevin) (Entered: 12/27/2006) |
| 12/28/2006 | 26 | MOTION to Vacate *Motion to Continue Sentencing (Doc. No. 24)* by Bridget Y. Taylor. (Butler, Kevin) (Entered: 12/28/2006) |
| 01/16/2007 | 27 | ORDER granting 26 Motion to withdraw motion to continue; denying as moot 24 Motion to Continue sentencing; granting 25 Motion for extension of time to file objections to PSI Report; extending the deadline for filing objections from 12/27/06 to 1/17/07; Signed by Judge William Keith Watkins on 1/16/07. (ajr, ) (Entered: 01/16/2007) |
| 01/19/2007 | 31 | ORDER as to Bridget Y. Taylor continuing generally sentencing set for 1/22/07 . Signed by Judge William Keith Watkins on 1/19/07. (ajr, ) (Entered: 01/19/2007) |
| 01/19/2007 | | Case as to Bridget Y. Taylor reassigned to Judge Myron H. Thompson. Judge William Keith Watkins no longer assigned to the case. (ajr, ) (Entered: 01/19/2007) |
| 01/19/2007 | | ***Set/Clear Flags as to Bridget Y. Taylor (ag, ) (Entered: 01/19/2007) |
| 01/19/2007 | 33 | ORDER as to Bridget Y. Taylor resetting Sentencing for 1/22/2007 @ 10:00 AM in Courtroom 2FMJ before Honorable Myron H. Thompson. Signed by Judge Myron H. Thompson on 1/19/2007. (ag, ) (Entered: 01/19/2007) |
| 01/22/2007 | | ORAL MOTION for Downward Departure for Personal Family Circumstances by Bridget Y. Taylor. (ag, ) (Entered: 01/23/2007) |
| 01/22/2007 | | ORAL MOTION to Withdraw ORAL MOTION for Downward Departure by Bridget Y. Taylor. (ag, ) (Entered: 01/23/2007) |
| 01/22/2007 | | ORAL ORDER denying ORAL MOTION for Downward Departure as withdrawn by Bridget Y. Taylor . Entered by Judge Myron H. Thompson on 1/22/2007. (ag, ) (Entered: 01/23/2007) |
| 01/22/2007 | 34 | Minute Entry for Sentencing held before Judge Myron H. Thompson on 1/22/2007 as to Bridget Y. Taylor. (Court Reporter Mitchell Reisner.) (Attachments: # 1 Witness List) (ag, ) (Entered: 01/23/2007) |
| 01/24/2007 | 35 | JUDGMENT as to Bridget Y. Taylor (1), Count(s) 1, 30 Mos Imp (conc w/Ct 2 and with Montg. Co. CC Nos. CC98-94,CC98-581, CC98-1572, CC00-04, 05, 06, 07 & 08, CC01-704, CC01-703, CC01-503, CC02-1299 and CC04-1029); 5 Yrs Sup Rel (conc w/Ct 2); $100 SA; $9,042.32 Rest. (total); Count(s) 2, 30 Mos Imp (conc w/Ct 1 and with Montg. Co. CC Nos. CC98-94,CC98-581, CC98-1572, CC00-04, 05, 06, 07 & 08, CC01-704, CC01-703, CC01-503, CC02-1299 and CC04-1029); 5 Yrs Sup Rel (conc w/Ct 1); $100 SA; $9,042.32 Rest. (total) . Signed by Judge |

| | | Myron H. Thompson on 1/24/2007. (ag, ) (Entered: 01/26/2007) |
|---|---|---|
| 01/24/2007 | | ***Set/Clear Flags as to Bridget Y. Taylor (ag, ) (Entered: 02/01/2007) |
| 01/25/2007 | 36 | (PRO-SE) MOTION for Reconsideration re 35 Judgment by Bridget Y. Taylor. (ag, ) (Entered: 01/26/2007) |
| 01/26/2007 | 37 | PRESENTENCE INVESTIGATION REPORT (Sealed) as to Bridget Y. Taylor (ag, ) (Entered: 01/26/2007) |
| 01/26/2007 | 38 | AMENDED PRESENTENCE INVESTIGATION REPORT (Sealed) as to Bridget Y. Taylor (ag, ) (Entered: 01/26/2007) |
| 01/26/2007 | 39 | ORDER denying 36 Motion for Reconsideration as to Bridget Y. Taylor (1). Signed by Judge Myron H. Thompson on 1/26/2007. (ag, ) (Entered: 01/26/2007) |
| 02/08/2007 | 40 | (Pro-Se) MOTION for Reconsideration re 35 Judgment, by Bridget Y. Taylor. (ag, ) (Entered: 02/08/2007) |
| 02/08/2007 | 41 | ORDER denying 40 Motion for Reconsideration as to Bridget Y. Taylor (1). Signed by Judge Myron H. Thompson on 2/8/2007. (ag, ) (Entered: 02/08/2007) |
| 02/21/2007 | 42 | PRO-SE MOTION (permission) to transfer to the Boot Camp Facility for Women in the State of Texas by Bridget Y. Taylor. (ag, ) (Entered: 02/21/2007) |
| 02/22/2007 | 43 | ORDER denying 42 Motion transfer to boot camp as to Bridget Y. Taylor (1). Signed by Judge Myron H. Thompson on 2/22/2007. (sql, ) (Entered: 02/22/2007) |

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

| | | |
|---|---|---|
| MIDDLE | District of | ALABAMA |

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br><br>BRIDGET Y. TAYLOR a/k/a BRIDGET MADISON | **JUDGMENT IN A CRIMINAL CASE**<br><br>2:07-cv-404-MHT<br><br>Case Number:     2:06cr209-MHT<br><br>(WO)<br><br>USM Number:     12065-002<br><br>Kevin L. Butler<br>Defendant's Attorney |

## THE DEFENDANT:

X pleaded guilty to count(s)     One and Two of the Indictment on 10/10/06

☐ pleaded nolo contendere to count(s)     _____
    which was accepted by the court.

☐ was found guilty on count(s)     _____
    after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. 1344 | Bank Fraud | 9/23/2004 | 1 |
| 18 U.S.C. 1014 | False Loan Application | 9/23/2004 | 2 |

     The defendant is sentenced as provided in pages 2 through    6    of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)     _____

☐ Count(s)     _____ ☐ is    ☐ are   dismissed on the motion of the United States.

     It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 22, 2007
Date of Imposition of Judgment

_Signature of Judge_

MYRON H. THOMPSON, U.S. DISTRICT JUDGE
Name and Title of Judge

1/24/2007
Date

AO 245B    (Rev. 06/05) Judgment in Criminal Case
Sheet 2 — Imprisonment

Judgment — Page ___2___ of ___6___

DEFENDANT: **BRIDGET Y. TAYLOR a/k/a BRIDGET MADISON**
CASE NUMBER: **2:06cr209-MHT**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

30 Mos. This term consist of 30 months on each count to run concurrent with each other and with Montgomery Co. Circuit Case Nos. CC98-94, CC98-581, CC98-1572, CC00-04, 05, 06, 07 & 08, CC01-704, CC01-703, CC01-503, CC02-1299 and CC04-1029

X The court makes the following recommendations to the Bureau of Prisons:
　　1. The court recommends that the defendant be designated to a facility where mental health treatment is available.
　　2. The court recommends that the defendant be designated to a facility near her family in Tulsa, Oklahoma.

X The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

　　☐ at _____ ☐ a.m. ☐ p.m. on _____ .

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 p.m. on _____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 06/05) Judgment in a Criminal Case
          Sheet 3 — Supervised Release

Judgment—Page    3    of    6

DEFENDANT:        BRIDGET Y. TAYLOR a/k/a BRIDGET MADISON
CASE NUMBER:      2:06cr209-MHT

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

5 Years. This terms consist of 5 years, each count, such terms to run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

X   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  (Check, if applicable.)

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

☐   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)   the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)   the defendant shall support his or her dependents and meet other family responsibilities;

5)   the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)   the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 2:06-cr-00209-MHT-CSC   Document 44   Filed 08/08/2007   Page 4 of 6

DEFENDANT:        BRIDGET Y. TAYLOR a/k/a BRIDGET MADISON
CASE NUMBER:      2:06cr209-MHT

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall provide the probation officer any requested financial information.

2. The defendant shall not obtain new credit without approval of the court unless in compliance with the payment schedule.

3. The defendant shall participate in a mental health treatment program approved by the United States Probation Office and contribute to the cost based on ability to pay and availability of third party payments.

4. The defendant shall submit to a search of her person, residence, office and vehicle pursuant to the search policy of this court.

Judgment — Page ___5___ of ___6___

DEFENDANT:         BRIDGET Y. TAYLOR a/k/a BRIDGET
                   MADISON
CASE NUMBER:       2:06cr209-MHT

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | __Assessment__ | __Fine__ | __Restitution__ |
|---|---|---|---|
| **TOTALS** | $  200 | $ | $  9.042.32 |

☐  The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

X   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(I), all nonfederal victims must be paid before the United States is paid.

| __Name of Payee__ | __Total Loss*__ | __Restitution Ordered__ | __Priority or Percentage__ |
|---|---|---|---|
| United States Department of Education (REF#05-040011) | | $9,042.32 | |
| **TOTALS** | $                   0 | $            9042.32 | |

☐  Restitution amount ordered pursuant to plea agreement  $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the    ☐  fine   ☐  restitution.

    ☐  the interest requirement for the    ☐  fine    ☐  restitution is modified as follows:

DEFENDANT:         BRIDGET Y. TAYLOR a/k/a BRIDGET MADISON
CASE NUMBER:       2:06cr209-MHT

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**   X   Lump sum payment of $ __9,242.32__   due immediately, balance due

    ☐   not later than _____ , or
    ☐   in accordance   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

**C**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D**   ☐   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   X   Special instructions regarding the payment of criminal monetary penalties:

    All criminal monetary penalty payments shall be made to the Clerk, United States District Court, Middle District of Alabama, Post Office Box 711, Montgomery, Alabama 36101. Any remaining at the start of supervision shall be paid at the rate not less than $150 per month.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☐   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.